Judge Marshall
delivered the Opinion of the Court.
This bill was filed by Yancey, for a specific execution of a contract of exchange of lands, between himself and Green, and for damages on account of an alleged deficiency in the quantity of the land contracted to be exchanged by Green. The claim of damages was resisted by Green, who had always been ready and willing to convey his land as-described in the memorial of the contract. It appears that possession had • been delivered and held according -to the exchange. The Circuit Court denied the claim of damages, decreed mutual conveyances, according to the terms of the contract, and divided the costs.
The written evidences of the contract import simply an exchange of a specific tract of land belonging to Yancey, for a specific tract belonging to Green, and six hundred and fifty dollars as bo'ot. There was neither fraud nor mistake in reducing'the contract to writing; nor is there any sufficient ground for imputing fraud to Green, in any representations made to Yancey in the course of the negotiation. Both tracts of land must be , presumed to have been known to each of the parties, by personal observation, and the contract makes no reference to the quantity of either, or to its value in gross or by-the acre.
It now appears, however, that there was a mutual mistake as to the quantity supposed to have been contained in the tract exchanged by Green. But as the contract sets up no standard, either of quantity or value, but in fact excludes all inference that any agreement or undertaking as to either, was understood or intended to be one of its ingredients, this mistake is not evidenced by comparing any thing in the contract with *445 the extrinsic fact to which it relates, but by comparing two extrinsic facts, viz — the actual and supposed quantitv, of which the contract malees no reference, to either. There is in fact no mistake or deficiency in the subject of the contract, as compared, either with the express of implied terms of the contract, which furnishes no ground r . . , . ... . , for a comparison ol the actual with the supposed or conjectured quantity or value of the land. The result of such a comparison seems, therefore, to be out of the reach, and beyond the operation, of the contract; to be wholly unprovided for by it, and to find no remedy in it.
And as it does not appear, that the contract was induced by fraud on the part of Green, or that the mutual mistake was occasioned by his fault more than that of Yancey, we do not perceive any safe principle on which he can be compelled to make compensation for the difference between the actual and supposed quantity or value of his tract, and thus, in effect, to guarantee a quality in the subject of the contract, to which he has not bound himself, either by his agreement or his fraud, and for the estimation of which his agreement furnishes no standard.
It may be, that Yancey would not have made the exchange without getting more land, or more boot, if he had known the exact quantity within the described boundary. But even this cannot be determined by the terms of. the contract. Much less can it be determined thereby, that if the precise quantity had been known, Green would have been willing to extend the boundary, or to increase the boot, or how far he would have gone in increasing either. And there is no other evidence from which his will upon the subject 'can be ascertained. There is not even sufficient' proof of an actual concurrence as to the value of the property on either side, except upon the point that, the land to be given on one side, was equal to the land and money to be given on the other. And although the land and. money to be given by Green, is not so valuable as ft may have been conjectured to be, it is precisely what the contract requires it to be, and precisely what the contract has determined to be an equivalent for the land of Yancey. It would *446 seem, therefore, that to compel Green to make compensation for the supposed deficiency in value, would be virtually supplying a new term to the contract, or subjecting him to a payment which he has not agreed to make, and which there is no evidence sufficient to show that he was either willing or bound to make.
From this view of the subject, it follows, that the Court did not err in refusing to decree damages as prayed for by Yancey. But as this is a case in which, upon all the facts as they now appear, the Court ought not to have decreed a specific performance at the prayer of Green against the consent of Yancey, and as Yancey has not prayed for, or consented to, a specific performance, except in connection with his claim for damages, we are of opinion that a specific performance should not have been decreed, but that the bill should have been dismissed without prejudice.
The decree is therefore reversed, and the cause remanded, with instructions to dismiss the bill without prejudice, unless the complainant shall consent to a specific execution, according to the terms of the written contract.